Dear Mr. Bernard:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You ask whether the position as a full-time patrol deputy with the Natchitoches Parish Sheriff's office, and holding the elected part-time position of Mayor would violate the dual officeholding provisions of State law.
R.S. 42:63(D) provides as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof.
The fact that the elective office may be part-time is irrelevant in the determination of violation of dual officeholding inasmuch as this office has recognized the prohibition makes no distinction between those that hold full-time or part time elected positions, Atty. Gen. Op. Nos. 95-305, 90-170, 87-339.
Also pertinent to your inquiry is the conclusion of this office as stated in Atty. Gen. Op. No 96-405 that the position of a sheriff's deputy is an appointive office and not employment, recalling earlier opinions to the contrary. Therein it was pointed out the position of deputy sheriff is created under statutory authorization and filled by appointment by the sheriff.
Moreover, in the latter opinion reference is made to numerous earlier opinions holding that a deputy sheriff is an appointive position, including Atty. Gen. Op. No. 92-623 which maintained as follows:
 The Mayor of a municipality may not, at the same time, serve as a full-time deputy sheriff for the parish under Louisiana's dual officeholding law, as such situation contravenes the prohibition against the holding of local elective office and the full-time appointive office of deputy sheriff.
Accordingly, we find the appointment as a full-time patrol deputy with the Natchitoches Parish Sheriff's office and holding the elected position of Mayor of the Village of Natchitoches violates the dual officeholding provision of state law as set forth in R.S. 42:63(D).
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR